So Ordered.

Dated: February 15, 2023



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case No. 22-21138 |
| Chanel Ann Gentry | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| Charles W. Day, | |
| Plaintiff, | |
| v. | Adversary No. 22-02060 |
| Chanel Ann Gentry, | |
| Defendant. | |

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

On June 21, 2022, plaintiff Charles W. Day filed a complaint against debtor-defendant

Chanel Ann Gentry seeking to deny Gentry's chapter 7 discharge under 11 U.S.C.

§ 727(a)(4)(A) on the grounds that she made false statements in her bankruptcy schedules. The

Court granted Gentry's motion to dismiss on September 7, 2022 and granted Day leave to amend

his complaint. Day filed an amended complaint on September 22, 2022. Gentry filed another

motion to dismiss arguing that the complaint still fails to state a claim for relief. For the reasons

explained below, the Court will dismiss the amended complaint and will not grant Day leave to

further amend the complaint.

## A.      Legal Standard for a Motion to Dismiss

Gentry moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.  To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Factual allegations in a complaint must "raise a right to relief above the speculative level," meaning that they are more than "merely consistent with" the defendant's liability.  *Twombly*, 550 U.S. at 555-57. Exactly how specific a complaint must be varies with the complexity of a plaintiff's claim, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together," *McCauley v. City of Chicago*, 671 F.3d 616-17 (7th Cir. 2011), and where "the allegations give rise to an 'obvious alternative explanation,' the complaint may 'stop[] short of the line between possibility and plausibility[.]'"  *Id.* at 616 (quoting *Twombly*, 550 U.S. at 557, 567).

When ruling on a motion to dismiss, a court considers only factual allegations and disregards legal conclusions.  *Iqbal*, 556 U.S. at 679.  Factual allegations may come from the complaint itself, attachments to the complaint, documents "central to the complaint and . . . referred to in it," and information subject to judicial notice.  *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020) (citations omitted).  A court may also consider facts contained in a brief opposing dismissal that are consistent with the complaint.  *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citations and quotes omitted).  This includes attachments to briefs opposing dismissal.  *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017).  The Seventh Circuit has explained that a plaintiff "has much more

2

flexibility in opposing a Rule 12(b)(6) motion" than a defendant in bringing the motion.

*Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). "If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56," but a plaintiff opposing dismissal "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Id.*

**B.      The Amended Complaint Does Not State a Claim for Relief**

Day's amended complaint centers on two allegedly false statements Gentry made in her bankruptcy schedules: (1) that Gentry does not own an interest in a business entity, and (2) that Gentry was not employed at the time she filed her petition. Day contends that these statements are "false oaths or accounts" made "knowingly and fraudulently," and that accordingly Gentry should be denied a discharge under 11 U.S.C. § 727(a)(4)(A).[1] To deny a debtor's discharge under § 727(a)(4)(A), a plaintiff must establish: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *In re Kempff*, 847 F.3d 444, 449 (7th Cir. 2017) (citation omitted). In addition, a claim under § 727(a)(4)(A) is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7009, and the allegations of fraud must be pleaded with particularity. *See In re Carmell*, 424

---

[1] The first page of Day's amended complaint invokes "11 U.S.C. § 727(a)(2) through (7)." The body of the complaint mentions only § 727(a)(4)(A) and alleges facts in line with that subsection. Therefore, the Court analyzes the sufficiency of the amended complaint under §727(a)(4)(A) only. *See*, *e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 446 F. Supp. 2d 910, 914 (N.D. Ill. 2006) ("[I]n the federal courts, pleadings, motions, and supporting memoranda are measured by their content, not their title."). The amended complaint also states that Gentry may have violated 18 U.S.C. § 152(3). That law is a criminal statute; it does not create a private right of action that Day can enforce. *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991).

B.R. 401, 418 (Bankr. N.D. Ill. 2010). Day does not allege enough facts to state a plausible

claim for relief regarding either statement at issue.

### 1. Gentry's Interest in a Business

Day first alleges that Gentry made false statements on her schedules regarding her

interest in an LLC. In response to Question 19 on Schedule A/B regarding whether Gentry owns

an interest in any "Non-publicly traded stock and interests in incorporated and unincorporated

businesses, including an interest in an LLC, partnership, and joint venture," Gentry checked

"No." Main Case ECF No. 1 at 12.[2] In response to Question 27 on the Statement of Financial

Affairs asking whether the debtor owned a business or had connections to a business, including

as a member of an LLC, in the four years before the petition date, Gentry answered "No." Main

Case ECF No. 1 at 38. Gentry later amended Schedule A/B and the Statement of Financial

Affairs to disclose an interest in Charlotte Cleaning Service, LLC. Main Case ECF Nos. 10, 11.

The amended schedules indicate that the debtor earned no income from the LLC and that the

LLC has no value. *Id.*[3]

The allegations in Day's complaint, if proven, could establish the first three elements of a

claim under § 727(a)(4)(A). First, Gentry filed her initial schedules under oath. Second, the

amended documents indicate that the answers to Question 19 on Schedule A/B and to Question

27 on the Statement of Financial Affairs on the initial schedules were false. Third, Day alleges

that Gentry formed the LLC in January 2022. The short period of time between when the LLC

---

[2] Documents filed in the main bankruptcy case, Case No. 22-21138, are referred to as "Main Case ECF No. ___."
Documents filed in this adversary proceeding are referred to as "Adv. ECF No. ___."

[3] Bankruptcy courts adjudicating adversary proceedings may properly take judicial notice of schedules filed in the
underlying bankruptcy case. *Frierdich v. Mottaz (In re Frierdich)*, 294 F.3d 864, 870 (7th Cir. 2002).

was formed and when Gentry signed her schedules supports an inference that Gentry knew the statements in her schedules were false.

Day's amended complaint does not, however, include sufficient facts that could prove the fourth or fifth elements of his claim. To establish fraudulent intent, Day must plead facts that either (1) show directly that Gentry made a false statement for purposes of deception, or (2) show she made them with "reckless disregard for the truth." *Stamat v. Neary*, 635 F.3d 974, 982 (7th Cir. 2011); *see also In re Yonikus*, 974 F.2d 901, 905 (7th Cir. 1992). Day alleges that Gentry first registered the LLC in January 2022 and then failed to disclose her interest in the LLC just two months later when she filed her petition. This allegation on its own is not enough to plausibly suggest that Gentry's omission of the LLC on her bankruptcy schedules "[rose] above mere negligence to the level of reckless disregard for the truth." *Stamat*, 635 F.3d at 982. The allegation may well be "consistent with" a fraudulent intent, but to survive dismissal the allegations in the complaint must plausibly suggest an entitlement to relief. *Twombly*, 550 U.S. at 557. Without more, the amended complaint simply does not suggest that fraudulent intent is a more likely explanation for the omission of the LLC interest than the alternative. *See McCauley*, 671 F.3d at 616 ("If the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and plausibility of entitlement to relief." (internal quotations and citations omitted)). The LLC had no value on the petition date, which supports an inference that Gentry was negligent in failing to mention the LLC over an inference that Gentry had any intent to deceive, especially given that Day must plead his allegations of fraud with particularity.

Similarly, there is nothing in the amended complaint to support a conclusion that the omission of Charlotte Cleaning Services, LLC was material to Gentry's bankruptcy in the sense

5

that it "[bore] a relationship to the debtor's business transactions or estate, or concern[ed] the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Stamat*, 635 F.3d at 982 (citing *Retz v. Samson, et al. (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010)).  The LLC was not transacting business, had no assets, and had no value on the petition date.  Main Case ECF No. 10 at 3.  Therefore, Gentry's interest in the LLC was not material to and did not affect the administration of Gentry's bankruptcy estate.  Day did allege that Gentry made "a willful misrepresentation of a material fact," *see* Adv. ECF No. 18 at 4, but this mere recitation of the elements of the claim is not sufficient, *see Iqbal*, 556 U.S. at 680.  Without an allegation that Gentry's failure to disclose the LLC had any impact on the bankruptcy proceeding, the Court cannot conclude that Day sufficiently alleged that the omission was material to support a § 727(a)(4)(A) claim.

   **2.**   **Gentry's Employment Status on the Petition Date**

   On Schedule I, Gentry stated that she was not employed and listed her occupation as "Unemployed."  Main Case ECF No. 1 at 27.  On her Statement of Financial Affairs, Gentry indicated that she received $0.00 in wage income from January 1, 2022 to the petition date.  *Id.* at 32.  These statements were made under oath and under penalty of perjury.  *Id.* at 31, 38.  Day alleges that the statements were false, and that Gentry was, in fact, employed on March 18, 2022, when she filed her bankruptcy petition.[4]  Day contends that these false statements are sufficient to deny Gentry's discharge under § 727(a)(4)(A).

---

[4] Day also alleges that Gentry's failure to amend her schedules to account for employment she began after she filed for bankruptcy constitutes a fraudulent statement under § 727(a)(4)(A).  But in a chapter 7 case, the debtor's post-petition income is not part of her bankruptcy estate.  *See* 11 U.S.C. § 541(a)(6); *Layng v. Urbonas (In re Urbonas)*, 539 B.R. 533, 548 n.6 (Bankr. N.D. Ill. 2015).  Therefore, the statements on Gentry's schedule I were not false and the post-petition income was not material to the bankruptcy case, meaning that Day cannot state a claim for relief based on Gentry's post-petition employment.

6

Day alleges that Gentry was employed at Sage Meadow of Racine Assisted Living and Memory Care when she filed her petition. To support this allegation, Day attached a document to his amended complaint that he labeled as Exhibit F and that he alleges is a portion of a report that Day says he obtained from TransUnion. The document indicates that Sage Meadow is a "possible" employer for Gentry as of August 2021. *See* Adv. ECF No. 18 at 8. Gentry disclosed Sage Meadow as having been her employer in 2021 in a supplement appended to her Form 122A-1 Chapter 7 Statement of Your Current Monthly Income. *See* Main Case ECF No. 1 at 42. She says that the last month she received wages from Sage Meadow was in October 2021, which is consistent with the TransUnion document attached to Day's complaint.

Day alleges that he called Sage Meadow on September 22, 2022 and was told by a receptionist that he could leave a message for Gentry. Adv. ECF No. 18 at 5, ¶ 4. By this allegation, Day seems to imply that Gentry was employed at Sage Meadow continuously from August 2021 until September 2022. Day elaborates on this inference in his brief opposing Gentry's motion to dismiss. He says that he served a subpoena on Sage Meadow, and in response received four pay statements, which he labeled Exhibits H through K and attached to his brief. Adv. ECF No. 28 at 3, 22-25.[5] The first of the pay statements is dated August 26, 2022 and shows that Gentry was paid $449.93 for the period beginning August 7, 2022 and ending August 20, 2022. It shows the same amount for total, year-to-date wages paid to Gentry. *Id.* at 22. In other words, the August 26 pay statement indicates that it was the first pay that Gentry received from the employer in 2022.

---

[5] The employer listed on the pay statements is Koru Health, LLC, but the Court credits Day's assertion that he received them in response to a subpoena he served on Sage Meadow.

Day has sufficiently alleged that Gentry was employed at Sage Meadow in August 2021 and that she was employed there in September 2022. What he has not sufficiently alleged is that Gentry was employed anywhere in March 2022 when she filed her petition. Indeed, the pay statements that Day attached to his opposition brief disprove any allegation that Gentry was employed by Sage Meadow (or Koru Health) in March 2022 when Gentry filed her petition. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."). There is no basis to conclude that Gentry's statements on her schedules that she was unemployed and had no income were false. Therefore, the Court concludes that the amended complaint does not state sufficient grounds for denying Gentry's discharge under § 727(a)(4)(A) based on her statements that she was unemployed on the petition date.[6]

## C.     The Court Will Not Grant Further Leave to Amend

The Court will not grant Day further leave to amend his adversary complaint. The applicable rules mandate that courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2); Fed. R. Bank. P. 7015, and "the norm [is to afford] a plaintiff at least one opportunity to amend his complaint." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). However, "leave [to amend] is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[6] In addition to claiming that Gentry was actually employed on the petition date, Day argues Gentry should not have listed "unemployed" as her "occupation" on Schedule I because Gentry's occupation is nursing. As noted above, a claim under § 727(a)(4)(A) requires the plaintiff to prove that a false statement was material to the bankruptcy case. Whether Gentry listed her occupation as nursing or as unemployed on Schedule I is not a material fact. The material information on Schedule I for purposes of Gentry's bankruptcy case was that she was unemployed and had no wages to report. Day does not identify any material aspect of this case that would have been impacted by listing Gentry's occupation as nursing.

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

Here, Day has already been afforded one opportunity to amend his complaint to include factual allegations sufficient to support a claim for relief with respect to Gentry's omission of the LLC interest from her schedules. In dismissing Day's original complaint, the Court held that Day had not sufficiently pleaded the fourth and fifth elements of his § 727(a)(4)(A) claim. Day failed to cure the deficiency in his amended complaint. Day's allegations regarding Gentry's employment on the petition date are new in the amended complaint. As explained above, the documents attached to Day's opposition brief disprove his allegations. Further amendment with respect to this aspect of Day's § 727(a)(4)(A) claim would be futile. The Court therefore exercises its discretion to deny Day leave to further amend his complaint.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.  Plaintiff Chanel Ann Gentry's motion to dismiss (ECF No. 22) is GRANTED.

2.  Defendant Charles W. Day is DENIED leave to amend his complaint.

3.  This adversary proceeding is DISMISSED with prejudice, effective immediately.

# # # # #

9